09-0614-cv
Tradhol Internacional, S.A. v. Colony Sugar Mills Ltd.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of November, two thousand nine.

PRESENT:    BARRINGTON D. PARKER,
            PETER  W.  HALL,
            GERARD E. LYNCH,
                        *Circuit Judges,*

_____

Tradhol Internacional, S.A.,

      *Plaintiff-Appellant,*

      v.                                            No. 09-0614-cv

Colony Sugar Mills Limited,

      *Defendant-Appellee.*

_____

For Appellant:              PETER A. JUNGE, (Armand P. Mele, *on the brief*) Junge & Mele, LLP, New York, New York.

For Appellee: BLAKE A. KLEIN, Cleary Gottlieb Steen & Hamilton LLP, London, United Kingdom.

Appeal from an order denying a Rule B maritime attachment and garnishment to the plaintiff by the United States District Court for the Southern District of New York (Holwell, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 15, 2009 order of the district court is **AFFIRMED**.

Tradhol Internacional, S.A. ("Tradhol") appeals from a January 15, 2009 order of the district court denying its application under Supplemental Rule B of the Federal Rules of Civil Procedure for an order of maritime attachment and garnishment. We assume the parties' familiarity with the factual background, procedural history and issues raised in this appeal. For the reasons that follow, we affirm the district court's judgment.

In order to be granted a Supplemental Rule B maritime attachment, a plaintiff must show that "1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). While contracts that have "maritime commerce" as their "principal object[]" fall within this Court's admiralty jurisdiction, *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 49 (2d Cir. 2008) (internal quotation marks omitted), mixed contracts that include both marine and non-marine elements fall outside it, *Folksamerica Reinsurance Co. v. Clean Water of New York, Inc.*, 413 F.3d 307, 314 (2d Cir. 2005).

There are, however, two exceptions to the mixed contracts rule. First, "'a federal court can exercise admiralty jurisdiction over a mixed contract if . . . the claim arises from a breach of maritime obligations that are severable from the non-maritime obligations of the contract.'" *Id.* (quoting *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 555 (2d Cir. 2000)). Second, if "the non-maritime claims are merely incidental to the maritime ones," a court can exercise admiralty jurisdiction. *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Co.*, 109 F.3d 105, 109 (2d Cir. 1997)). Neither party here contends that the contract between them was anything other than a mixed contract.

In its verified complaint, Tradhol requested total damages in the amount of $3,023,065.23 arising from breaches under two separate causes of action. The complaint also included a corresponding request for a Rule B maritime attachment on "all of the Defendant's tangible or intangible property or any other funds held by garnishees including but not limited to the aforementioned garnishees in the District . . . up to the amount of $3,023,065.23."[1] Those two separate causes of action were based on different sales contracts and were further parsed into claims for damages arising from each point of breach. The district court determined that the plaintiff's complaint "fail[ed] to show that the parties' contractual dispute [was] severable and maritime in nature" since the complaint alleged only that the defendant breached a contract for a

---

[1] Tradhol's complaint states that Sugar Colony "either has or will have, during the pendency of this action, assets within this District consisting of cash, funds, freight, hire, or credits including but not limited to electronic fund transfers [("EFTs")] in the hands of garnishees in this District." Under our recent decision, *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477-cv, 08-3758-cv, 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), we held that when EFTs are possessed "by an intermediary bank," they are not property "subject to attachment under Rule B." This decision overturned *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002). To the extent that Tradhol is relying on EFTs held by third party banks to show that Colony Sugar has property within the Southern District of New York, such a reliance is no longer tenable within our Circuit.

3

sale of goods by demanding a prepayment by the plaintiffs and failing to provide the agreed-upon amount of goods. On appeal, Tradhol requests a Rule B maritime attachment for at least $758,003.41 plus costs and fees, the damages alleged from the demurrage and dead freight claims.

Tradhol contends that the district court erred in its decision and that Tradhol has, in fact, alleged a prima facie admiralty claim and should have received a Rule B maritime attachment. Tradhol initially focuses on the first exception, that its demurrage and dead freight claims against Colony Sugar Mills Ltd. ("Colony Sugar") are severable from the rest of its claims. Colony Sugar argues that Tradhol has failed to demonstrate how the demurrage and dead freight claims are severable from the non-maritime obligations under the contracts in question.

The severability of a maritime obligation from a non-maritime obligation turns on whether "maritime subject matter is capable of being divided from the rest so that the rights of the parties which flow from the non-maritime part of the contract may be, if necessary, litigated separately and only that part which is maritime be put in issue in the admiralty suit." *Berwind-White Coal Mining Co. v. City of New York*, 135 F.2d 443, 447 (2d Cir. 1943). Although Tradhol declares that demurrage and dead freight are "maritime in nature," those two claims are intertwined with all of the breach of contract claims. Because the Verified Complaint fails to demonstrate that the two claims are severable from the contract as a whole, Tradhol does not fall into the first exception on mixed contracts.

Tradhol also suggests that the inclusion of a demurrage claim in the contract makes it maritime in nature, with the non-maritime portions being incidental to the contract, thus allowing our Court to have admiralty jurisdiction under the second exception to mixed contracts. The

4

contract in this case was for the purchase and loading of ethyl alcohol, FOB Karachi. Rather than the demurrage clause being the focal point of the contract, it was only one piece of a contract that covered the larger sale and loading of goods and included prepayments and damages for any delays in loading and lost profits. In the context of the contracts at issue demurrage alone does not raise a claim to which the remaining claims are merely incidental, so as to support the second exception to mixed contracts.

We affirm the decision of the district court because Tradhol failed to explain, in its Verified Complaint, how its demurrage and dead freight claims fit into either exception to the mixed contract prohibition on our admiralty jurisdiction. We do not address any of the merits of the claims. The district court did not err in denying the request for a Rule B maritime attachment.

The order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____
